31912.  BAGGETT *v.* THE STATE.

874

Decided April 24, 1948.

*Mitchell & Mitchell, Walter H. Bolling*, for plaintiff in error.
*Warren Akin, Solicitor-General*, contra.

TOWNSEND, J. (After stating the foregoing facts.) ■ Headnotes 1, 2, and 3 require no elaboration. For the reasons set out in headnote 3, the general grounds of the motion for new trial are without merit.

■ The statement of the solicitor-general in the argument of the case before the jury, which is complained of in the sole special ground of the amended motion for new trial, is set forth in the statement of facts, reference to which discloses that he in effect called upon the jury to take into consideration the personal knowledge and information, undisclosed ·by the evidence, which the sheriff had, that the defendant was dealing in intoxicating liquors before he would have sworn out a search warrant and searched his premises. The record contained no evidence that the sheriff had sworn out ·the warrant. It discloses no knowledge that the sheriff had that the defendant was dealing in intoxicating liquors other than· that obtained in the course·

of execution of the search warrant. It discloses no information that the sheriff had to this effect. The argument, therefore, was not authorized by the evidence. *Lober* v. *State,* 60 *Ga. App.* 204 (supra), is ample authority that such argument is prejudicial. Juries should no more be called upon to take into consideration the personal knowledge or information of the sheriff, undisclosed to them by the evidence, than they should be called upon to take into consideration such knowledge of the trial judge. There being evidence that the defendant was in the south end of the house in bed sick, that his minor son was pouring out the liquor in the fireplace in the north end of the house, that a hallway was between the two, that the defendant had been in poor health for some time, and that he had recently returned to his home, from a hospital, there was circumstantial evidence tending to rebut the presumption set out in the 3rd headnote hereof. The verdict of guilty, therefore, was not demanded by the evidence, but whether or not the presumption that as head of the house the whisky which was being destroyed by the minor son of the defendant was in the latter's constructive possession, was a question for the jury. When counsel made this prejudicial statement, the court did not interpose and prevent the same, on objection made did not rebuke counsel, and did not by all needful and proper instructions to the jury endeavor to remove the improper impressions from their minds. The judge merely overruled the motion for mistrial and directed the jury to remember the evidence and go by it. The improper and prejudicial remarks of counsel were no part of the evidence, nor were they authorized by the same. This instruction failed to correct the error.

The judgment of the trial court overruling the special ground of the amended motion for new trial is therefore error.

*Judgment reversed. MacIntyre, P. J., and Gardner, J., concur.*